Jonah Jervais SOVEREIGN, a/k/a Jarvis L. Canslor, Plaintiff-Appellant,

v.

Leslie FLEMING; J.J. Short; R. Saylor; J.B. Crabtree; C/O A. Craft, Defendants-Appellees.

Jonah Jervais Sovereign, a/k/a Jarvis
L. Canslor, Plaintiff-Appellant,

v.

R. Saylor, Defendant-Appellee,

and

Leslie Fleming; J. J. Short; J. Crabtree;
C/O A. Craft, Defendants.

No. 17-6024, No. 17-7004

United States Court of Appeals,
Fourth Circuit.

Submitted: September 28, 2017

Decided: October 2, 2017

Jonah Jervais Sovereign, Appellant Pro
Se. Margaret Hoehl O'Shea, OFFICE OF
THE ATTORNEY GENERAL OF VIR-
GINIA, Richmond, Virginia, for Appellees.

Before WILKINSON, MOTZ, and
KING, Circuit Judges.

Unpublished opinions are not binding
precedent in this circuit.

PER CURIAM:

Jonah Jervais Sovereign seeks to appeal
the district court's orders dismissing his
civil rights complaint and declining to ex-
tend the appeal period. We dismiss the
appeals for lack of jurisdiction because the
notices of appeal were not timely filed.

Parties are accorded 30 days after the
entry of the district court's final judgment
or order to note an appeal, Fed. R. App. P.
4(a)(1)(A), unless the district court extends
the appeal period under Fed. R. App. P.

4(a)(5), or reopens the appeal period under
Fed. R. App. P. 4(a)(6). "[T]he timely filing
of a notice of appeal in a civil case is a
jurisdictional requirement." *Bowles v. Rus-
sell*, 551 U.S. 205, 214, 127 S.Ct. 2360, 168
L.Ed.2d 96 (2007).

The district court's order dismissing the
complaint was entered on the docket on
September 2, 2016. The notice of appeal
was filed on October 16, 2016.* The court's
order denying an extension of the appeal
period was entered June 9, 2017. Sover-
eign's notice of appeal from that order was
filed July 31, 2017. Because Sovereign
failed to file a timely notice of appeal in
either case or to obtain an extension or
reopening of the appeal period, we dismiss
the appeals. We dispense with oral argu-
ment because the facts and legal conten-
tions are adequately presented in the ma-
terials before this court and argument
would not aid the decisional process.

*DISMISSED*

---

* For the purpose of these appeals, we assume
that the date appearing on the notices of
appeal is the earliest date the notices could
have been properly delivered to prison offi-
cials for mailing to the court. Fed. R. App. P.
4(c); *Houston v. Lack*, 487 U.S. 266, 108 S.Ct.
2379, 101 L.Ed.2d 245 (1988).